UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ONADIS FUENTES GOMEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:26-cv-00021-TWP-KMB |
| | ) |
| SAM OLSEN Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, | ) |
| KRISTI NOEM Secretary, U.S. Department of Homeland Security, | ) |
| PAMELA BONDI U.S. Attorney General, | ) |
| SCOTT A. MAPLES, JR. Sheriff, Clark County Jail in his official capacity, | ) |
| | ) |
| Respondents. | ) |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Onadis Fuentes Gomez. (Dkt. 1). Gomez was paroled into the United States in 2024. A year later, U.S. Immigration and Customs Enforcement (ICE) officers arrested her at a regular appointment. She remains in custody at the Clark County Jail.

Gomez seeks a writ of habeas corpus compelling the government to release her from detention. The respondents have not answered Gomez's argument that she was arrested while on parole and therefore her detention violates the Constitution and laws of the United States. The government therefore has waived any defense to the issue, and Gomez's petition is **granted**.

### I. FACTUAL BACKGROUND

Gomez is a Venezuelan national. She scheduled an appointment using the CBP One app and entered the United States in September 2024 at the Nogales Port of Entry. Immigration officials

initiated removal proceedings but granted Gomez parole, such that she could remain in the United States while seeking asylum. (Dkt. 1-2; Dkt. 1-3; Dkt. 7-1 at 6).

On October 1, 2025, Gomez reported to an ICE appointment and was arrested. (Dkt. 7-1 at 6). She is presently in ICE custody at the Clark County Jail. No evidence indicates that Gomez violated the conditions of her parole or that the government took any action to revoke her parole before or since she was taken into custody.

## II. DISCUSSION

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Gomez asserts that her custody violates the Immigration and Nationality Act (INA) for reasons that are straightforward and uncontested by the Respondents.

### A. Parole and Revocation

Federal agencies must comply with federal statutes and their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954); *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021) ("*Accardi* and its progeny teach generally that federal agencies are required to follow their own regulations and some other formally adopted procedures, including those that govern exercises of an agency's discretion."). Here, the relevant statute—the INA—grants the Secretary of Homeland Security discretion to "parole into the United States . . . any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

Neither the INA nor the pertinent regulations precisely define "parole," but they make clear that parole is an alternative to detention—not a status that can co-exist with detention. *See, e.g.*, 8 U.S.C. § 1225(b) (applying to aliens who have not been admitted or paroled); 8 U.S.C. § 1226(a)(2) (authorizing the Attorney General to grant parole instead of detaining certain aliens);

8 C.F.R. § 212.5(b) ("Parole *from Custody*") (emphasis added). An alien who is detained is not enjoying the benefits of parole.

Parole is temporary and conditional and must be justified by "urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled." *Id.*

The INA directs the Secretary to revoke parole in specified circumstances, and the government has codified the revocation procedure at 8 C.F.R. § 212.5. Parole is revoked automatically if the alien leaves the United States or if a time-limited parole term expires. 8 C.F.R. § 212.5(e)(1). Otherwise, the secretary or her delegee must determine that the purpose of the parole has been served and that no humanitarian reason or public benefit "warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2). Once a designated official makes that determination, parole terminates " upon written notice to the alien." *Id.*

**B.     Gomez's Parole and Unlawful Detention**

Gomez seeks habeas corpus relief on two grounds. First, she argues that the government has violated the INA by arresting and detaining her while on parole. Second, she argues that the government has violated her Fifth Amendment due process rights by re-detaining her without a pre-arrest hearing. *See* Dkt. 1 ¶¶ 31–36. Because Gomez's statutory argument is straightforward, meritorious, and unopposed, the Court need not discuss or reach the constitutional argument.

The government granted Gomez parole when she entered the United States in 2024. No documentation indicates that her parole term was time-limited. She cannot be detained and on parole at the same time. Accordingly, Gomez's detention can only be lawful if the Secretary of Homeland Security revoked her parole according to the process codified at 8 U.S.C. §

3

1182(d)(5)(A) and 8 C.F.R. § 212.5(e). Again, no evidence in the record indicates that she did so. Termination requires a determination by the Secretary or her designee that the parole has served its purpose and is no longer warranted *and* that the determination be conveyed to the parolee in writing.

No evidence indicates that any authorized official made the requisite determination regarding Gomez's parole or that the determination was presented to her in writing. Her parole is active, and her detention is therefore contrary to law.

**C.     Respondents' Failure to Defend Against the Petition**

The Respondents make no argument that would lead to a different conclusion. Respondents do not argue that Gomez's parole was terminated before her arrest. They do not argue that her parole has been terminated since her arrest or that the act of arresting and detaining her terminated her parole. Respondents do not argue that an alien who is on parole can be lawfully detained. In fact, the Respondents do not even acknowledge in their response that Gomez was granted parole. They therefore waived any defense to Gomez's argument that she is currently on parole and that her parole makes her detention unlawful. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). ("Failure to respond to an argument . . . results in waiver.").

Instead, the government responds entirely to an argument that Gomez does not make—that she may be detained but is eligible for discretionary release on bond pursuant to 8 U.S.C. § 1226(a) rather than subject to mandatory under 8 U.S.C. § 1225(b)(2). The Respondents argue that Gomez's habeas petition is premature because she has not requested a bond hearing in the immigration court; that § 1225(b)(2) requires her detention without consideration of bond; and that this Court lacks jurisdiction to review the government's decision to hold Gomez without bond. (Dkt. 7). But

4

Gomez has not sought a writ on of habeas corpus on any of these bases and she is not seeking a bond. Importantly, the word "bond" does not even appear in Gomez's petition. (Dkt. 1).

No doubt, the bond eligibility issue has been the predominant basis for the hundreds of habeas challenges raised by ICE detainees in this and other federal courts in recent months. This Court is sensitive to the reality that the government's attorneys face an ever-expanding workload with the same constraints on time, personnel, and energy that limit the courts.

Nevertheless, the Court expects the government's attorney—who is a tenured and respected practitioner in this District—to move forward mindful of the following. First, the federal government has chosen to make arrests at breakneck pace in the name of immigration enforcement. The government and its lawyers have also embraced the newfound legal position that every alien arrested inside the United States without a visa is subject to compulsory detention without the possibility of bond or other relief. While the Court is sympathetic to the challenges the government's attorneys face, it is reasonable and appropriate for the Court to expect the same level of responsiveness in this litigation, despite its volume and pace, as in any other.

Second, as with all case types, non-responsiveness is unacceptable. Each time the Court must write such a decision, it delays the time when it will reach the next ripe case. During that time, the petitioner—and every other petitioner with a meritorious claim—remains in jail without legal justification. The government is not obligated to defend against every petition. If it cannot or will not defend against the arguments raised by the petitioner, the government should clearly and promptly notify the Court that it does not oppose the petition, it has afforded the relief that has been requested, and the case is moot. If that approach is not strictly required by the law, it certainly called for by basic notions of professional courtesy.

Again, the Court declines at this stage to treat the government's failure to meaningfully respond to this petition as an act of bad faith. The government should not, however, conclude that its approach in this case is acceptable or that it should be repeated.

### III.  CONCLUSION

Gomez's Petition for Writ of Habeas Corpus, Dkt. [1] is **GRANTED**. The Respondents will have **until February 17, 2026 at noon**, to certify that Gomez has been released from detention subject to any previously applicable conditions of parole. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 2/13/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Alush Kola
Law Offices of Al Kola
alkolalaw@yahoo.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov